**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, MD 20850-3266, <br><br> Plaintiff, <br><br> v. <br><br> JAYMOR ELECTRIC, INC., <br> an Illinois corporation, <br> 500 Park Avenue, Suite 204 <br> Lake Villa, IL 60046, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1. This is an action commenced by the trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions owed to the NEBF by Defendant Jaymor Electric, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). This action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145.

Venue is proper because the Defendant resides within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.  This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

4.  The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3266.

5.  Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5). Upon information and belief, Defendant is an Illinois corporation whose main place of business is 500 Park Avenue, Suite 204, Lake Villa, IL 60046.

**STATEMENT OF CLAIM**

6.  Defendant is a signatory, and has been a signatory continuously during all relevant periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 134 as the collective bargaining representatives of Defendant's employees. Pursuant to

the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the Trust Agreement, Defendant has been delinquent in making contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreements.

9. According to several recent payroll compliance reviews conducted by NEBF's outside auditors, Defendant failed to pay $133,416.28 for work performed from January 1, 2010, through December 31, 2015, as those contributions came due. Some, but not all of those contributions were paid late, and as of today's date, Defendant owes NEBF $31,777.68 in contributions.

10. Interest on the aforementioned delinquent and other late paid contributions, calculated through the date hereof, is $27,390.45.

11. The liquidated damages owed on the aforementioned delinquency and other late paid contributions are $26,208.66.

12. The total cost of the aforementioned payroll compliance reviews, which cost is to be borne by the Defendant, is $3,349.50.

13. In addition to the foregoing amounts, Defendant has failed to make all of its required contributions to the NEBF in connection with work performed by Defendant's employees from

January 1, 2016, to the present. NEBF is unable determine the amounts owed for this period because Defendant has failed to submit monthly payroll reports as they have come due.

14. NEBF has made demands for payment of the above, but Defendant has failed and refused to pay same.

15. Despite Defendant's breaches of its obligations, the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

16. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

17. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

18. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

19. The Trust Agreement authorizes the NEBF trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the NEBF trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an

amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and audit expenses, incurred in collecting the delinquency.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor, and that the Court's judgment include:

(a) $31,777.68, representing delinquent contributions associated with work performed by Defendant's covered employees for the period January 1, 2010 through December 31, 2015;

(b) $26,208.66, representing liquidated damages in the amount of 20% of the aforementioned delinquent, and other late paid, contributions;

(c) $27,390.45, representing interest at a rate of 10% per annum on the aforementioned delinquent, and other late paid, contributions;

(d) $3,349.58, representing the total cost to NEBF of audits of Defendant's books and records;

(e) an order directing Defendant to produce payroll records for the period January 1, 2016, and that it pay the corresponding contributions, interest and liquidated damages; and

(f) an award of all reasonable attorneys' fees and the costs of this action.

Plaintiff further prays that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: June 8, 2016
/s/ David R. Shannon
David R. Shannon
TENNEY & BENTLY LLC
111 W. Washington Street, Suite 1900
Chicago, IL 60602
Phone: 312-407-7800
Email: dshannon@cooketech.net

|  |
|---|
| *Attorneys for the*<br>*National Electrical Benefit Fund* |